Dear Mr. Drennen:
In your letter of August 30, 1996, you request from our office an expansion of our Opinion No. 91-98 relative to disclosure of information contained in Office of Risk Management claim files pursuant to the Public Records Law. In particular you wish this office to address the following:
 "1. Are medical malpractice claims or worker's compensation claims, that are designated as open merely because future medicals are to be paid on these claims, protected from outside viewing by Act 732?
 "2. If a claim is closed, are certain items in the file still protected by Act 732? Specifically are items such as correspondence between attorney and adjuster, attorney's recommendations and opinions to the adjuster, etc., exempted from disclosure?"
Act 732 of the 1987 Legislative Session specifically exempts from the Public Records Law "any pending claims orpending claim files in the custody or control of the office of risk management, Division of Administration." La. R.S.44:4 (15) (emphasis added). "Pendency" is defined as "the state of an action, etc., after it has begun and before the final disposition of it." Black's Law Dictionary (5th ed. 1979) p. 1020. In Hebert v. Doctors Memorial Hospital,486 So.2d 77 (La. 1986), the Louisiana Supreme Court clarified "final disposition" as connoting "a state of affairs such that nothing further remains to fix the rights and obligations of the parties." Segura v. Frank, 630 So.2d 714 (La. 1994), held that "a claim is pending as long as it is subject to judicial scrutiny."
Considering the foregoing, it follows that in medical malpractice claims where future medicals and related benefits are to be paid as they are incurred, because La. R.S. 40:1299.39(F)(4) grants the district court from which a final judgment issues continued jurisdiction over the claim as it relates to future medicals, both statutory provisions and Louisiana jurisprudence protect such claims from disclosure.
With regard to worker's compensation claims, the prohibition of disclosure of information contained in files where medical payments are pending, extends to all closed files. The Public Records Law, being a general law, is superseded by the Worker's Compensation Law which is a special law. Worker's compensation statutes make specific reference to the confidentiality of files and of records maintained with the Office of Worker's Compensation. This interpretation is in accord with prior opinions issued from this office, wherein we concluded that records, papers, documents, names and medical records of any worker's compensation claims are not subject to the Public Records Act. See Opinion No. 92-104 and Opinion No. 84-805 which we are attaching for your review. We qualify Opinion 92-104 by noting that La. R.S. 23:1293B (1) was amended by Act 766 of the 1992 Legislative Session to the extent that where, prior to the amendment, claims for compensation referred to the hearing officer were public records, pursuant to the 1992 amendment, all evidence, pleadings, motions, discovery, may be made available only to the parties and their counsel upon request; and, only any decision, award, or order of a hearing officer is a public record.
We note that Opinion No. 91-98 suggests that closed files be examined prior to disclosure of their contents and we list what information contained in the files should be freely divulged. Though we made no mention of your concern vis a vis correspondence between attorneys and adjusters, communications relating to opinions and recommendations between adjusters and attorneys are exempt from disclosure. They remain confidential both under the attorney-client privilege and the work product rule. See Rule 1.6 of the State Bar Association Rules of Professional Conduct; La C.E. art. 506; and, La. C.C.P. art.1424, the latter, in pertinent part providing: "The Court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions or theories of any attorney . . . ".
We hope the foregoing interpretation of the law will be helpful to you. Should you require further assistance or clarification, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________________ ATHENA B. PIEDRAHITA Assistant Attorney General
ABP:drl